CHRISTOPHER J. CHRISTIE
United States Attorney

JASON S. ZARIN (JSZ 4926)
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 514-0472

Counsel for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
AT NEWARK

| | | |
|---|---|---|
| CONOPCO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:04-06025 (JCL/MF) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER

The United States, through undersigned counsel, answers the allegations in the complaint as follows:

1. Paragraph 1 consists of plaintiff's characterization of the cause of action, to which no response is necessary. To the extent that defendant must answer the allegations in the paragraph, defendant denies the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Lacks information sufficient to admit or deny the allegations of paragraph 4.

5. Lacks information sufficient to admit or deny the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Admits the allegations of paragraph 8.

9. Admits the allegations of paragraph 9.

10. Lacks information sufficient to admit or deny the allegations of paragraph 10.

11. Lacks information sufficient to admit or deny the allegations of paragraph 11.

12. Lacks information sufficient to admit or deny the allegations of paragraph 12.

13. Lacks information sufficient to admit or deny the allegations of paragraph 13.

14. Lacks information sufficient to admit or deny the allegations of paragraph 14.

  15. Lacks information sufficient to admit or deny the allegations of paragraph 15.

  16. Lacks information sufficient to admit or deny the allegations of paragraph 16.

  17. Lacks information sufficient to admit or deny the allegations of paragraph 17.

  18. Lacks information sufficient to admit or deny the allegations of paragraph 18.

  19. Lacks information sufficient to admit or deny the allegations of paragraph 19.

  20. Lacks information sufficient to admit or deny the allegations of paragraph 20.

  21. Lacks information sufficient to admit or deny the allegations of paragraph 21.

  22. Lacks information sufficient to admit or deny the allegations of paragraph 22.

  23. Lacks information sufficient to admit or deny the allegations of paragraph 23.

24. Lacks information sufficient to admit or deny the allegations of paragraph 24.

25. Denies the allegations of paragraph 25.

26. Lacks information sufficient to admit or deny the allegations of paragraph 26.

27. Admits the allegations of paragraph 27.

28. Lacks information sufficient to admit or deny the allegations of paragraph 28.

29. Lacks information sufficient to admit or deny the allegations of paragraph 29.

30. Lacks information sufficient to admit or deny the allegations of paragraph 30.

31. Lacks information sufficient to admit or deny the allegations of paragraph 31.

32. Lacks information sufficient to admit or deny the allegations of paragraph 32.

33. Lacks information sufficient to admit or deny the allegations of paragraph 33.

34. Lacks information sufficient to admit or deny the allegations of paragraph 34.

35. Lacks information sufficient to admit or deny the allegations of paragraph 35.

36. Lacks information sufficient to admit or deny the allegations of paragraph 36.

37. Lacks information sufficient to admit or deny the allegations of paragraph 37.

38. Lacks information sufficient to admit or deny the allegations of paragraph 38.

39. Lacks information sufficient to admit or deny the allegations of paragraph 39.

40. Lacks information sufficient to admit or deny the allegations of paragraph 40.

41. Lacks information sufficient to admit or deny the allegations of paragraph 41.

42. Lacks information sufficient to admit or deny the allegations of paragraph 42.

  43. Lacks information sufficient to admit or deny the allegations of paragraph 43.

  44. Lacks information sufficient to admit or deny the allegations of paragraph 44.

  45. Lacks information sufficient to admit or deny the allegations of paragraph 45.

  46. Lacks information sufficient to admit or deny the allegations of paragraph 46.

  47. Lacks information sufficient to admit or deny the allegations of paragraph 47.

  48. Lacks information sufficient to admit or deny the allegations of paragraph 48.

  49. Lacks information sufficient to admit or deny the allegations of paragraph 49.

  50. Paragraph 50 consists of plaintiff's interpretation of the Internal Revenue Code, to which no answer is necessary. To the extent a response is required, defendant denies the allegations of paragraph 50.

51. Paragraph 51 consists of plaintiff's interpretation of the Internal Revenue Code, to which no answer is necessary. To the extent a response is required, defendant denies the allegations of paragraph 51.

52. Lacks information sufficient to admit or deny the allegations of paragraph 52.

53. Lacks information sufficient to admit or deny the allegations of paragraph 53.

54. Lacks information sufficient to admit or deny the allegations of paragraph 54.

55. Lacks information sufficient to admit or deny the allegations of paragraph 55.

56. Lacks information sufficient to admit or deny the allegations of paragraph 56.

57. Paragraph 57 consists of plaintiff's interpretation of the Internal Revenue Code, to which no answer is necessary. To the extent a response is required, defendant denies the allegations of paragraph 57.

58. Paragraph 58 consists of plaintiff's interpretation of the Internal Revenue Code, to which no answer is necessary. To the extent a response is required, defendant denies the allegations of paragraph 58.

59. Lacks information sufficient to admit or deny the allegations of paragraph 59.

60. Lacks information sufficient to admit or deny the allegations of paragraph 60.

61. Paragraph 61 consists of plaintiff's interpretation of the Internal Revenue Code, to which no answer is necessary. To the extent a response is required, defendant denies the allegations of paragraph 61.

62. Paragraph 62 consists of plaintiff's interpretation of the Internal Revenue Code, to which no answer is necessary. To the extent a response is required, defendant denies the allegations of paragraph 62.

63. Lacks information sufficient to admit or deny the allegations of paragraph 63.

64. Lacks information sufficient to admit or deny the allegations of paragraph 64.

65. Denies the allegations of paragraph 65.

66. Defendant incorporates its answers to paragraphs 1 through 65.

67. Denies the allegations of paragraph 67.

68. Denies the allegations of paragraph 68.

69. Denies the allegations of paragraph 69.

70. Denies the allegations of paragraph 70.

71. Denies the allegations of paragraph 71.

WHEREFORE, having answered the allegations in the complaint, defendant respectfully requests that the Court dismiss this case with prejudice, award the United States its costs, and such other relief as the Court deems appropriate.

DATED:    March 11, 2005

                  CHRISTOPHER J. CHRISTIE
                  United States Attorney


                  <u>/s/ Jason S. Zarin</u>
                  JASON S. ZARIN (JSZ 4926)
                  Trial Attorney, Tax Division
                  United States Department of Justice
                  Post Office Box 227
                  Ben Franklin Station
                  Washington, DC 20044
                  Telephone: (202) 514-0472

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing United States' Answer has been made this 11th day of March, 2005, by electronic mail to

>Scott T. Tross
>stross@herrick.com

and by mailing, postage prepaid, addressed to:

>Ronald S. Rolfe
>Michael L. Schler
>Cravath, Swaine & Moore, LLP
>825 Eighth Ave.
>New York, NY 10019-7475

/s/ Jason S. Zarin
_____
JASON S. ZARIN